IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK MCCANN, et al** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **STEVE MILLER, et al** | : | **NO. 08-561** |

**Goldberg, J.**                                                                                                                **July 6, 2009**

## MEMORANDUM OPINION

This matter involves several alleged assaults resulting from a dispute between two airline unions on February 8, 2006. At issue is whether the work product doctrine precludes the production of four recorded statements of witnesses who apparently observed the aftermath of the assaults. Having concluded that the work product doctrine does not justify withholding three of these statements, we grant the motion in part and deny it in part.

## FACTUAL BACKGROUND

The incident in question occurred at a hotel owned and operated by Defendants, Philadelphia Airport Hotel Limited Partnership and Marriott Hotel Services, Inc. (collectively referred to as "Marriott"). Immediately following the occurrence, Anthony Marziani, an employee of the hotel, conducted an investigation and prepared a report. Marriott produced this report during discovery, pursuant to Celmer v. Marriott Corp., 2004 WL 1822763, *3-*4 (E.D. Pa. July 15, 2004) (holding that the initial investigation report drafted by a hotel employee was not prepared in anticipation of litigation and therefore is not protected work product). Marziani's report includes a narrative of his observations of the incident. (Investigative Report, Marriott's Resp., Exhibit 3).

The matter was then referred to Marriott Claims Services, "an in-house claims office which

handles litigation-related general liability matters for Marriott and [] is staffed by administrators and representatives who handle litigation-related general liability matters for Marriott." (Marriott's Resp., p. 11). Marriot Claims Services conducted a second investigation, which included procuring a subsequent statement from Marziani and statements from the following witnesses: Cutie Davis, Lomusa Dube, and Emily Fernandez. Marziani, Davis and Fernandez's statements were obtained on February 14, 2006, while Dube's statement was taken on March 6, 2006. (Marriott's Resp., p. 8). During the course of discovery, Plaintiff, Frank McCann, became aware that Marriott had conducted the interviews at issue. When Marriott refused to produce these interviews, Plaintiff filed the Motion to Compel before the Court.[1]

## LEGAL ANALYSIS

Plaintiff claims that he is entitled to the witness statements because, "[t]hey are necessary to prosecution of this case and are not protected by any recognized privilege." (Plaintiff's Mem., p.1). Marriott responds that the witness statements are work product protected under Federal Rule of Civil Procedure 26(b)(3)(A). This rule states:

> (A) *Documents and Tangible Things*. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> . . .
>
> (ii)   the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3). "The rule requires that we consider three questions in determining whether

---

[1] During discovery, Plaintiff deposed Marziani, Davis and Dube, but chose not to take the deposition of Fernandez.

the statements at issue in this case are discoverable: (1) whether the statements were made 'in anticipation of litigation,' (2) whether [p]laintiff has shown 'substantial need' of the statements, and (3) whether [p]laintiff is 'unable without undue hardship to obtain the substantial equivalent' of the statements." Brown v. Nicholson, 2007 WL 1237931, *2 (E.D. Pa. Apr. 25, 2007).  We address each area of inquiry below.

Were the Statements Made in Anticipation of Litigation?

In analyzing whether a statement was obtained "in anticipation of litigation," it has been noted that:

> Prudent parties anticipate litigation and begin preparation prior to the time suit is formally commenced.  Thus, the test should be whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.

Martin v. Bally's Park Place Hotel & Casino, 983 F.2d 1252, 1260 (3d Cir. 1993).  Materials assembled in the ordinary course of business are excluded from work product protection.  Id.  See Coleman v. Nat'l R.R. Passenger Corp., 1994 WL 719699, *1 (E.D. Pa. Dec. 21, 1994) (witness statements taken during an internal investigation were collected in anticipation of litigation).

The statements at issue here were obtained by a claims administrator after an initial investigation had already been completed.  According to Marriott, a secondary investigation of this type is only undertaken in cases where litigation is likely.  In any event, Plaintiff does not seem to contest that the witness statements were taken in anticipation of litigation.  Consequently, we find that the four (4) witness statements at issue were obtained in anticipation of litigation.  See Brown, 2007 WL 1237931 at *3 (statements made to insurance carrier and an investigator hired by the insurer were obtained in anticipation of litigation).

Has Plaintiff Established Substantial Need to Obtain the Statement?

In support of his claim that he has a "substantial need" for the witness statements, Plaintiff asserts only that the statements "are necessary to prosecution of this case." Despite Plantiff's limited advocacy on this point, because the outcome of this case will largely turn on credibility and witness accounts of the incident, we find that Plaintiff does have a substantial need for the contemporaneous statements of the Marriott employees. See French v. Medical Ctr. of Delaware Inc., 1993 WL 13646184, *8 (D. Del. Oct. 6, 1993) (plaintiff has a substantial need to obtain contemporaneous statements by individuals who have knowledge of facts relating to the incident).

Can Plaintiff Obtain the Substantial Equivalent of Statements Without Undue Hardship?

We further find that Plaintiff cannot obtain the substantial equivalent of three of the statements at issue without undue hardship. "There is now a substantial body of authority that [] suggests that statements taken from witnesses at about the time of the occurrence described in them are unique, in that they provide an immediate impression of the facts. On this view mere lapse of time is in itself enough to justify production . . . ." Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2025 (citing inter alia Southern Ry. Co. v. Lanham, 403 F.2d 119, 129 (5th Cir. 1968)).

Here, the witness statements of Davis, Fernandez and Dube were taken by Marriott Claims Services within one week, and one month of the incident. Moreover, approximately three (3) years has passed between the incident and when these witnesses were deposed. Given this lapse of time and the much more immediate observations provided in the witness statements, we find that Plaintiff is not able to obtain the substantial equivalent of these three statements through deposition or any other means. Because Plaintiff has met all three factors entitling him to these statements, they are

discoverable under Rule 26(b)(3)(A).

Regarding Marziani's statement, we find that Plaintiff has not demonstrated that he cannot obtain a substantial equivalent of this statement. Plaintiff has already received a statement regarding Marziani's account of the incident. As discussed above, Marziani conducted an initial investigation and prepared a report in which he recounted his observations of the February 8, 2006 incident. This report was prepared prior to the other witness statements at issue and has been produced to Plaintiff. Neither in his motion nor during argument has Plantiff suggested why this report may be different from the second statement to Marriott Claims Services.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel is granted in part and denied in part. Our Order follows.